2014 OK 74

**S. Fred JORDAN, Petitioner,**

v.

**OKLAHOMA STATE ELECTION BOARD and Steve Kunzweiler, Respondents.**

No. 112993.

Supreme Court of Oklahoma.

July 25, 2014.

### ORDER

Original jurisdiction is assumed. A writ is hereby issued, prohibiting Judge Bernard Jones, or the judge assigned to *Kunzweiler v. Oklahoma State Election Board, et al.*, Oklahoma County District Court Case No. CV-2014-1055, from proceeding further with this cause. The Oklahoma Constitution, art. 5, § 23, prohibits a legislator from taking public office during the term of a Legislature which has voted to increase the emoluments for that office. The prohibition is inapplicable to a public office incapable of commencing until after the conclusion of the legislator's term. Petitioner's legislative term will end on November 19, 2014. The term of the new district attorney of Tulsa County will begin on January 5, 2015, 51 O.S. § 1.

DONE BY ORDER OF THE SUPREME COURT THIS 25TH DAY OF JULY, 2014.

KAUGER, WATT, WINCHESTER, EDMONDSON, GURICH, JJ. concur.

TAYLOR, J. dissents with notice by separate writing.

COLBERT, C.J., COMBS, J., not participating.

REIF, V.C.J., recused.

TAYLOR, J., dissenting.

I respectfully dissent to the Court's decision rendered today. I agree with today's order assuming original jurisdiction. This Court must allow a constitutional challenge to a candidate's candidacy qualifications. However, by granting the writ of prohibition, the Court has refused to properly construe article V, § 23 of the Oklahoma Constitution. I write separately to express that challenges to a candidate's constitutional qualifications for office are not foreclosed by 26 O.S.2011 § 5–119 and that the Court misconstrues the term "elected" in article V, § 23 to mean "assuming or taking office." The Petitioner should see no relief here.

We cannot deem a constitutional challenge to candidacy waived when the challenge was not created until after the deadline to challenge, set by 26 O.S.2011 § 5–119. The statutory deadline to challenge the Petitioner's candidacy qualifications ended on April 15, 2014. *Id.* House Joint Resolution 1096, which brought the Petitioner's constitutional qualifications for district attorney of Tulsa County into question, was not signed into law until June 3, 2014. H.R.J. Res. 1096, 54th Okla. Legis., 2d Session (2014). Mr. Kunzweiler had no way to know that the Petitioner's qualifications would be constitutionally suspect until almost two months after the challenge deadline had passed. Section 5–119 allows a candidate who is constitutionally unqualified to assume office. A statute cannot limit this constitutional requirement. Okla. Const. art. V, § 23. I would hold that a person may challenge a candidate's constitutional qualifications for office regardless of a statutory deadline.

The Court today also misconstrues a key term in article V, § 23. There appears to be a disconnect between the Court's decision and the plain language of § 23. For Tulsa County, the Republican primary runoff will be held on August 26, 2014. No Democrat has filed for the seat. The winner of this runoff will receive a certificate of election, which will be issued not before 5:00 p.m. on August 29, 2014. 26 O.S.2011 § 8–106. Therefore, under Oklahoma election law, the certified winner of the primary runoff will be deemed elected to the position of Tulsa County district attorney. *Id.* § 6–102 ("Any candidate who is unopposed shall be deemed to have been nominated or elected, as the case may be, and his name will not appear on the ballot at any election in which he is so unopposed."). After August 29, 2014, the winner is certified as district attorney-elect, and from that point on, will be commonly

known to and referred to as such. The winner has been elected district attorney.

If Oklahoma deems the winner of the primary runoff the district attorney-elect, and has certified the winner as such, this statutory certification provides finality to the election process by late August. Article V, § 23 explicitly states the following:

No member of the Legislature shall, during the term for which he was elected, be appointed or elected to any office or commission in the State, which shall have been created, or the emoluments of which shall have been increased, during his term of office....

The Petitioner's term as a member in the Oklahoma House of Representatives does not end until November 19, 2014. The Petitioner could become the district attorney-elect after August 29, 2014. House Joint Resolution 1096 raised the salaries of district attorneys, effective July 1, 2014. H.R.J. Res. 1096, 54th Okla. Legis., 2d Session (2014) (amending 19 O.S. Supp.2013 § 215.30). Article V, § 23 bars the Petitioner from being qualified to run for district attorney of Tulsa County because the salary for the office was raised during the Petitioner's term in the House of Representatives and he would be elected to the office during his current term as a legislator.

I disagree with the construction the Court uses today for "elected" in article V, § 23. The Court construes "elected" to mean assuming or taking office. If the framers of the Oklahoma Constitution intended this construction, they could have used the words "assuming or taking office" instead of "elected or appointed." We cannot rewrite the language of the Constitution; we will not "interject" words which the drafters chose not to place in Oklahoma's founding document. *Kiowa Cnty. Excise Bd. v. St. Louis–San Francisco Ry. Co.*, 1956 OK 157, ¶ 34, 301 P.2d 677, 682. The Legislature has deemed an unopposed candidate elected, but the Court today rewrites article V, § 23 by equating the terms "elected" and "assumed office." The simple legal fact is that the new district attorney of Tulsa County will be elected in August. "Elected" is the operative

word, not when the oath of office is taken or the term begins.